STATE v. LONNIE STONE et al.

(Filed 26 October, 1910.)

**1. Criminal Actions—Prosecutor—Costs—Power of Court—Interpretation of Statutes.**

The power conferred upon the courts to determine the question of responsibility and to tax costs against the one adjudged to be the prosecutor, extends to "all criminal actions where the defendant is acquitted, a *nolle pros.* entered, judgment arrested, or if the defendant shall be discharged from arrest for the want of probable cause," and exists at any stage of the criminal proceedings, before or after the finding of the bill or defendant acquitted.

**2. Same—Trespass—Title Arbitration.**

When, in a trial under indictment for forcible trespass, the question depended upon a civil issue as to title, which by consent of the parties was referred to arbitration by the trial judge, and one of the claimants is spoken of in the order of arbitration as prosecutor, the order providing that if the question of title be found against him, he shall pay the costs as on *nolle pros.* by the solicitor, which resulted in a judgment taxing the costs against him. *Held*, there being nothing restrictive in the terms of the judgment, it was not error in the trial court to find the appellant, upon further investigation, had advised the prosecution, actively participated therein, and enter judgment making him a prosecutor of record and also taxing him with the costs, and this disposition of the case is not precluded by the prior judgment referring the question of title to arbitration.

APPEAL from *C. C. Long, J.,* by Green Scoggins, at April Term, 1910, of LEE.

On notice duly issued and served, Green Scoggins, a witness for the State and so named on bill, was marked as prosecutor and adjudged to pay the costs, according to the provisions of the statute.

Said witness excepted and appealed.

*Attorney-General* and *G. L. Jones* for State.
*Hoyle & Hoyle* for defendant.

HOKE, J.   The powers conferred upon our courts to deter-
mine the question of responsibility and to tax the costs against
one adjudged to be the prosecutor, extends' to all "criminal ac-
tions where the defendant is acquitted, a *nolle pros.* entered,
judgment arrested, or if a defendant shall be discharged from
arrest for want of probable cause."  The statute on the subject,
Revisal, sec. 1295, is very broad in its terms, providing the power
exists: "Whatever the judge, court or justice shall be of opinion
there was not reasonable ground for the prosecution, or that it
was not required by the public interest.   And every judge, court
or justice is hereby fully authorized to determine who the prose-
cutor is at any stage of a criminal proceeding, whether before or
after the bill of indictment shall have been found, or the defend-
ant acquitted; provided, that no person shall be made a prose-
cutor after the finding of the bill, unless he shall have been noti-
fied to show cause why he should not be made the prosecutor of
record."   Section 1297 enacts further that such prosecutor may
be imprisoned for non-payment of costs taxed against him when
the prosecution is adjudged frivolous or malicious. This statute
has been construed and applied in *S. v. Hamilton* and *S. v.
Roberts*, 106 N. C., pp. 660-662, and many other cases on the
facts presented fully uphold the ruling of his Honor below in
the decision that the witness Green Scoggins be marked as prose-
cutor and taxed with the stipulated costs.   This was an indict-
ment against Lonnie Stone and others for forcible trespass on
the property of one O. M. Stokes, he being present forbidding,
etc.   The bill was found a true bill, July Term, 1908, the names
of O. M. Stokes and Green Scoggins appearing as witnesses on
the bill.   At said term, the trial was entered on and a juror was
withdrawn and the cause by consent was referred to an arbitra-
tor to determine and report on the question of title to the prop-
erty.   The order of arbitration signed by the judge, among other
things, providing:   "That if this award be against the prosecu-
tor, O. M. Stokes, he shall be adjudged to pay the costs as in
case of *nolle pros.* of this action by the solicitor."

At November Term, 1909, report was made by the arbitrator to the effect that the title to the property in dispute was in defendants. The award and report was duly confirmed and it was thereupon adjudged that notice issue to O. M. Stokes and Green Scoggins to show cause at April Term, 1910, why they should not 'be marked as prosecutors." Notice was duly served and at said term in April, the matter was fully heard and the court, among other things, found the following facts: "That there was not reasonable ground for the prosecution and that it was not required by the public interest; that Green Scoggins advised the prosecution, went with the prosecuting witness to have the warrant sworn out, helped to employ and pay counsel and actively participated in the prosecution; and entered judgment: 'The court finds as a fact that Green Scoggins was prosecutor of the case and orders that he be marked prosecutor of record, and that he be taxed with the costs of the case. The judgment already rendered taxes the prosecutor, O. M. Stokes, with the cost, and this shall not relieve him from liability therefor.' "

The appellant concedes that on these facts the action of the court as a rule would be within the power conferred by the statute, but he insists that this disposition of the case is precluded by the judgment referring the question of title to the arbitrator, signed by his Honor, Long, Judge, at the November Term, 1909, but we do not so understand or interpret the order made by Judge Long. The trial of the cause having been entered upon it was evidently disclosed that the question between the parties was a civil issue as to the title to the premises and his Honor in a commendable disposition to aid the parties to an adjustment by consent referred the question of title to an arbitrator. In this order O. M. Stokes, one of the claimants, is spoken of as prosecutor, and it is provided that if the question of title be found against him, he shall pay the costs as on *nolle pros.* by the solicitor, but there was nothing restrictive in the terms of the judgment and nothing to prevent the court at a later term from further investigation and determining on the facts disclosed that appellant was also a prosecutor. These facts clearly establish that the appellant was a prosecutor and the case having gone off on a *nolle pros.* we are of opinion that he was not improperly taxed with the costs as provided by the statute. Affirmed.